[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-11528
Non-Argument Calendar
_____

D.C. Docket No. 0:07-cr-60242-KMW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEMETRIUS LIGHTFOOT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 17, 2018)

Before JORDAN, BRANCH, and HULL, Circuit Judges.

PER CURIAM:

In May 2008, the district court sentenced Demetrius Lightfoot to a term of imprisonment followed by 5 years of supervised release for attempted possession with intent to distribute cocaine. The district court imposed conditions on his supervised release, including the requirements that he must refrain from violating the law and must not possess a firearm, destructive device, or any other dangerous weapon.

While on supervised release, Lightfoot was arrested in August 2017 after a stabbing victim identified him as the perpetrator. The victim's statement was recorded under oath by a detective, and used at Lightfoot's supervised release revocation hearing when the victim invoked the Fifth Amendment rather than testify about who stabbed him. Lightfoot objected to the use of the recording as hearsay. The district court overruled his objection and revoked his supervised release, sentencing him to 8 months imprisonment, followed by 24 months of supervised release.

Lightfoot now appeals his 24-month term of supervised release, to follow his unchallenged 8-month imprisonment sentence. He argues that the new supervised release term was unreasonable in light of his prior compliance with the terms of his supervision and the weakness of the evidence against him, which largely rested on the recorded statement by a victim who invoked the Fifth Amendment at the hearing.

2

If a defendant violates a condition of his supervised release, the district court may, after considering certain factors listed in 18 U.S.C. § 3553(a), revoke his supervised release and impose a prison term. 18 U.S.C. § 3583(e)(3). If the district court imposes a prison term, it may also impose a new term of supervised release following imprisonment. 18 U.S.C. § 3583(h).[1]

We review for an abuse of discretion the reasonableness of a district court's sentence imposed upon revocation of supervised release. *United States v. Trailer*, 827 F.3d 933, 935–36 (11th Cir. 2016). We also review a district court's evidentiary decisions for abuse of discretion. *United States v. Novaton*, 271 F.3d 968, 1005 (11th Cir. 2001).

In reviewing the reasonableness of a sentence, we follow a two-step process. *Trailer*, 827 F.3d at 935. First, we ensure that the sentence was procedurally reasonable by reviewing whether the district court miscalculated the guidelines range, treated the Sentencing Guidelines as mandatory, failed to consider the § 3553(a) factors, based the sentence "on clearly erroneous facts," or failed "to adequately explain the chosen sentence." *Id.* at 936; *see also* 18 U.S.C. § 3583(c) (incorporating § 3553(a) factors for district courts' consideration in imposing a term of supervised release).

---

[1] The term of supervised release may not exceed the term of supervised release originally authorized by statute for the offense that resulted in the original supervised release term—60 months for a Class A or Class B felony—less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(b), (h).

3

The second step in ascertaining the reasonableness of a sentence is whether the sentence was substantively reasonable in light of the totality of the circumstances and the § 3553(a) factors. *Trailer*, 827 F.3d at 936. The weight given to any specific § 3553(a) factor is left to the district court's sound discretion.[2] *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007). Notably, "[a] sentence imposed well below the statutory maximum penalty is an indicator of a reasonable sentence." *United States v. Dougherty*, 754 F.3d 1353, 1362 (11th Cir. 2014).

The Federal Rules of Evidence do not apply in supervised release revocation hearings. *United States v. Frazier*, 26 F.3d 110, 114 (11th Cir. 1994);[3] *see also* 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."). Nevertheless, defendants in revocation proceedings are entitled to the due process right to confront and cross-examine adverse witnesses. *Frazier*, 26 F.3d at 114. Thus, in order to admit hearsay testimony, the court must:

---

[2] We "will not substitute our judgment in weighing the relevant factors." *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007) (quotations omitted).

[3] In *Frazier*, we determined that the district court violated a defendant's due process rights by considering hearsay evidence without explicitly finding that it was reliable and without weighing the defendant's right of confrontation against the government's reasons for not producing the witness. *Frazier*, 26 F.3d at 114. Nonetheless, we held that the error was harmless because the properly considered evidence demonstrated that the defendant had breached the terms of his supervised release. *Id.*

4

(1) "balance the defendant's right to confront adverse witnesses against the grounds asserted by the government for denying confrontation"; and (2) determine that the hearsay statement is reliable. *Id.*

Here, Lightfoot does not challenge the revocation of his supervised release itself; nor does he contest that hearsay statements can be admissible in a revocation hearing. Rather, he simply challenges the length of his term of supervised release, asserting that the evidence against him was so weak as to render the 24-month term unreasonable.

The party challenging a sentence bears the burden of showing that it is unreasonable, and Lightfoot has not met that burden here. *See Trailer*, 827 F.3d at 936. We reverse only if left with the "firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Irey*, 612 F.3d at 1190 (quotation omitted). Simply put, there is nothing in this case to support a "firm conviction" that the district court erred. The new term of supervised release is well below the statutory maximum and the calculated guideline range. It is neither substantively nor procedurally unreasonable in light of the totality of the circumstances and the applicable 18 U.S.C. § 3553(a) factors.

Further, the district court did not abuse its discretion in admitting the victim's recorded hearsay statement and considering that statement when imposing Lightfoot's term of supervised release. The district court explicitly took into account the balancing of Lightfoot's confrontation rights against the government's reasons for failing to produce the victim's live testimony. As the district court specifically stated at the hearing, the victim's recorded statement was reliable, a "detective took a statement from the victim while at the hospital," "there has been no suggestion that the equipment was malfunctioning," and the detective "had identification from others and also from the victim of Mr. Lightfoot." Thus, the court correctly concluded that "there is nothing to suggest that this hearsay is unreliable."

Accordingly, we affirm.

**AFFIRMED.**

6